MR. JUSTICE WEBER,
dissenting:
My dissent is aimed primarily at our Montana Legislature. I hope the Legislative Council and the Legislature itself may be able to address the contradictions present in Section 39-71-710, MCA. That contradictory statute is set forth in full in the majority opinion.
Section 39-71-710, MCA, provides that if a claimant is receiving total disability compensation benefits and attains 65 years of age so that he becomes entitled to receive retirement social security benefits, then his total disability compensation benefits stop, and the liability of the insurer is ended for payment of such benefits. The statute does not explain the reasoning behind the complete elimination of a right to receive total disability compensation benefits. The sue *486 ceeding sentence provides that the section does not apply to permanent partial disability benefits. These provisions contradict each other. If a claimant is totally disabled so that the claimant becomes entitled to receive total disability benefits for the rest of his life, on what theory can that totally disabled person be found no longer entitled to benefits, while a partially disabled person may still receive disability benefits?
The section accords unequal treatment to those who are totally disabled and those who are partially disabled. As this case demonstrates, it suggests a legislative policy which would prohibit any type of disability benefits to a person who is totally disabled when working after he attains 65 years of age. As an example, if a 66 year old person receiving social security retirement benefits becomes totally disabled while working, that person is apparently not entitled to total disability benefits. I cannot imagine that was the intention of the legislature at the time of the adoption of this section. I therefore request the legislature to consider the inequalities and contradictions contained in the present section.
In the majority opinion, the defendant is charged a 20% penalty because of a claimed unreasonable delay in the making of payment. As I read Section 39-71-710, MCA, the facts of the present case come precisely within the wording of the first two sentences of that section. Those sentences provide that if a claimant is receiving total disability compensation benefits (as was the claimant here) and the claimant then receives retirement social security benefits (as the claimant was about to receive) then the claimant is considered to be retired and the liability of the defendant insurer is ended for the payment of such compensation benefits. If that section were construed to mean what it says, upon attaining age 65, claimant was no longer entitled to receive his compensation benefits from the defendant. The majority has chosen to accept the Workers’ Compensation Court’s decision which disregarded the express wording of the statute and concluded that it would be unfair to so terminate a totally disabled claimant. Without the benefit of statutory authority, both the Workers’ Compensation Court and the majority have concluded that a claimant who is totally disabled can seek permanent partial disability benefits and obtain the same even in the absence of any statutory authority for doing so. The rationale is that such partial disability benefits are presumably less expensive than total disability benefits so the Workers’ Compensation Court can award the same. I admire the concern for the claimant which has resulted *487 in this construction. Clearly it is more fair than a termination of all benefits. On the other hand, I find it totally inappropriate to charge a penalty of 20% against an insurer who read the statute to mean what it says.